IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Matthew C. Dwyer,                                    C/A No. 5:24-cv-3036-SAL

                     Petitioner,

v.

Warden of Broad River Correctional                        **ORDER**
Institution,

                     Respondent.

Petitioner Matthew C. Dwyer ("Petitioner"), a state prisoner, filed this *pro se* action pursuant to 28 U.S.C. § 2254. Petitioner seeks a writ of habeas corpus on four alleged grounds: (1) ineffective assistance of counsel; (2) suppression of evidence; (3) the judge who presided over his post-conviction relief hearing had a conflict of interest; and (4) the trial court erred in not charging self-defense. *See* ECF No. 1 at 5–10. Respondent moves for summary judgment. [ECF No. 33.]

This matter is before the court on the Report and Recommendation (the "Report") of Magistrate Judge Kaymani D. West, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), recommending that Respondent's motion be granted. [ECF No. 54.] Attached to the Report was a notice advising Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. *Id.* at 27. Petitioner has not filed objections, nor has he responded to the court, and the time for doing so has expired.

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a

1

*de novo* determination of only those portions of the Report that have been specifically objected to, and the court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of objections, the court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

After reviewing the Report, the applicable law, and the record of this case in accordance with the above standard, the court finds no clear error, adopts the Report, ECF No. 54, and incorporates it by reference herein. Respondent's motion for summary judgment [ECF No. 33] is therefore **GRANTED**. Accordingly, Respondent's motion to strike [ECF No. 52] is **TERMINATED AS MOOT**.

IT IS SO ORDERED.

April 8, 2025                           Sherri A. Lydon
Columbia, South Carolina                United States District Judge